UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EMILIANO NIETO ZEPEDA, ALAN YAIR
DOMINGUEZ GALLERES, LUIS
GUZMAN, and SERGIO ALARCON
MENDOZA, Individually and on Behalf of All
Others Similarly Situated,

                              Plaintiffs,                    7:17-cv-02290 (VB)

                -against-

BAGGIO LTD., MARIO FAVA, and
TARCISIO FAVA, Jointly and Severally

                              Defendants.
-------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, the named Plaintiffs EMILIANO NIETO ZEPEDA, ALAN YAIR DOMINGUEZ GALLERES, LUIS GUZMAN, and SERGIO ALARCON MENDOZA, and opt-in Plaintiff DAVID TOVAR (collectively referred to hereinafter as "Plaintiffs"), and BAGGIO LTD., MARIO FAVA, and TARCISIO FAVA (referred to hereinafter as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 7:17-cv-02290 (VB) (the "Lawsuit"), without further litigation or adjudication;

WHEREAS Plaintiffs and Defendants have chosen to enter into this Negotiated Settlement Agreement ("Agreement") to avoid further proceedings with respect to any and all claims Plaintiffs have made pursuant to the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL") (referred to as the "Wage Claims") against Defendants in this Lawsuit or that Plaintiff could assert in any other case or forum and intending to settle, bar and waive any and all such claims that Plaintiffs have or may have against Defendants;

WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a *bona fide* dispute exists as to Plaintiffs' claims for alleged unpaid minimum wage and overtime wages;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs' alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in their entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Definition of Parties.**

    (a)  "Releasors" shall be defined to include, but are not limited to, Emiliano Nieto Zepeda, Alan Yair Dominguez Galleres, Luis Guzman, Sergio Alarcon Mendoza, and David Tovar, and each and every one of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities; and,

    (b)  "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, insurers, joint ventures, partners, shareholders, family members, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, Chat

American Grill, Chat 19 American Grill, Lusardi's, the employees and representatives of any such entity, and any otherwise related persons or entities. If an obligation or right is that of Baggio, Ltd., itself, said entity will be referred to as "Baggio."

**2.     Plaintiff's Commitments.**

In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree as follows:

(a)     Plaintiffs will execute all documents, including, but not limited to, this Agreement, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown Wage Claims contained in complaints, suits, actions, charges, claims or proceedings against Releasees existing or which could exist as of the date of the execution of this Agreement;

(b)     An order of dismissal with prejudice as to Plaintiff's Wage Claims shall be entered upon presentation of said Stipulation by Defendants or by any other entity to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to, or on behalf of Plaintiffs and all parties shall cooperate fully in seeking such dismissal and will prepare all papers and motions needed to do so;

(c)     In the event that, for any reason, any Wage Claims contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of the execution of this Agreement is not wholly and finally dismissed with prejudice, then the Parties agree to jointly seek Court approval of this Agreement or any negotiated revisions thereof as may be necessary to obtain a full and final release and waiver of all Wage Claims.

(d)     Plaintiffs and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the settlement, withdrawal and dismissal of the Wage Claims, and

(e)     Plaintiffs, on behalf of themselves and their counsel, agree not to contact the media or utilize any social media regarding this Agreement or its terms. If contacted by the media regarding this Agreement, Plaintiffs and Plaintiffs' counsel's response can be "no

comment" or be limited solely to words to the following effect: "The matter has been resolved." Plaintiffs agree that their counsel will not upload to, and/or will remove any reference from, its websites, blogs, social media and any promotional material about the Lawsuit. Unless required to do so by legal process, Plaintiffs agree not to make, or cause to be made, any disparaging statement, representations, comment, or publication ("Disparaging Statements"), whether orally or in writing, by word or gesture, to any person whatsoever about Defendants, including any of their respective agents, employees, attorneys, insurers, representatives, successors, executors, administrators, and assigns. Defendants agree that the individually named Defendants, Mario Fava and Tarcisio Fava also will not make any Disparaging Statements about Plaintiffs. For purposes of this paragraph, a Disparaging Statement is any communication made for the purpose of directly or indirectly adversely impacting the business or reputation of the person or entity to whom or which the communication relates, provided however that nothing herein shall restrict or otherwise prevent Plaintiffs or the named Defendants from making truthful statements, or giving their opinions, about their experience related to the Lawsuit;

3. **Release of Wage Claims by Plaintiffs.**

Releasors knowingly and voluntarily release and forever discharge Releasees of and from any and all Wage Claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Defendants, including, but not limited to, the Wage Claims contained in the Complaint in the Lawsuit and any other alleged violation of:

- the FLSA or the NYLL, and
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all Wage Claims they have or may have against Defendants arising up to, and including the date of the execution of this Agreement, and the dismissal with prejudice of the Lawsuit, Defendants agree that Baggio will pay Plaintiffs the total sum of Ninety Thousand Dollars and No Cents ($90,000.00) ("the Settlement Sum");

4

(b)  The Settlement Sum shall be paid in three installments of Thirty Thousand Dollars and No Cents ($30,000.00), with the first installment being paid within thirty (30) days after the dismissal of the Lawsuit with prejudice, the second installment being paid within sixty (60) days after the dismissal of the Lawsuit with prejudice, and the third installment being paid within ninety (90) days after the dismissal of the Lawsuit with prejudice. Each installment of the Settlement Sum shall be made as follows:

(i)  Plaintiffs' counsel, Pelton Graham LLC, will be paid $10,161.00 as payment for alleged attorneys' fees and costs, for which Forms 1099 shall be issued to Plaintiffs and Plaintiffs' counsel.

(ii)  The remainder of each installment of the Settlement Sum after the payment to Plaintiffs' counsel (i.e., $19,839.00) shall be paid to Plaintiffs as follows:

(1)  One check payable to "Emiliano Nieto Zepeda" in the amount of $5,086.16, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Zepeda on an IRS Form W-2;

(2)  One check payable to "Emiliano Nieto Zepeda" in the amount of $5,086.16, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Zepeda on an IRS Form 1099;

(3)  One check payable to "Alan Yair Dominguez Galleres" in the amount of $1,266.67, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Galleres on an IRS Form W-2;

(4)  One check payable to "Alan Yair Dominguez Galleres" in the amount of $1,266.67, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Galleres on an IRS Form 1099;

(5)  One check payable to "Luis Guzman" in the amount of $741.67, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Guzman on an IRS Form W-2;

(6)  One check payable to "Luis Guzman" in the amount of $741.67, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Guzman on an IRS Form 1099;

(7) One check payable to "Sergio Alarcon Mendoza" in the amount of $725.00, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Mendoza on an IRS Form W-2;

(8) One check payable to "Sergio Alarcon Mendoza" in the amount of $725.00, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Mendoza on an IRS Form 1099;

(9) One check payable to "David Tovar" in the amount of $2,100.00, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Tovar on an IRS Form W-2; and

(10) One check payable to "David Tovar" in the amount of $2,100.00, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Tovar on an IRS Form 1099.

(c) Regardless of any tax withholding or other deductions by Baggio from the Settlement Amount, each Plaintiff must ensure that his respective shares of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by any Plaintiff of his respective share of said taxes, any interest, penalties or other liabilities shall be the sole obligation and liability of that Plaintiff, who shall hold harmless, indemnify and defend Baggio and pay any of Baggio's reasonable legal fees in connection with defending such claims.

(d) Upon the complete execution of this Agreement, counsel for the Parties shall sign the Stipulation and Order of Dismissal With Prejudice, and Plaintiffs' counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

5. **No Other Entitlement Under the FLSA.**

As a consequence of this settlement, Plaintiffs affirms that they have been paid and have received all compensation, wages, bonuses, commissions, benefits and other monies to which they were entitled under the FLSA.

6. **Non-Admission of Wrongdoing.** Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7. **Severability and Modification.**

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiffs and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be interpreted or modified to be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification;

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect; and,

(c) However, if the release of all Wage Claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any Wage Claim Plaintiffs may assert; and, (ii) Plaintiffs shall execute an enforceable general and unlimited release of all Wage Claims or all monies paid hereunder shall be returned to Defendants.

8. **Applicable Law and Continuing Jurisdiction.** This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of District Judge Vincent L. Briccetti of the United States District Court of the Southern District of New York, without a jury, for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and the settlement contemplated thereby.

9. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10. **Competence to Waive Claims.** Plaintiffs are competent to affect a knowing and voluntary general and unlimited release of all Wage Claims as referenced above and to enter into this Agreement. Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, they have a clear and complete understanding of this Agreement, as explained to them by their counsel. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all Wage Claims, to waive all claims and to indemnify Releasees from any claims by or relating to Plaintiffs.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

12. **Execution.**

    (a)  The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The meaning, effect and terms of this Agreement have been fully translated and explained to Plaintiffs by their counsel. Plaintiffs fully understand that this Agreement generally releases, settles, bars and waives any and all Wage Claims that they possibly could have against Releasees. Plaintiffs further represent that they are fully satisfied with the advice and counsel provided by their attorneys.

    (b)  Plaintiffs fully understands the terms of this Agreement.

13. **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiffs shall be responsible for translating this Agreement to a language fully understood by Plaintiffs, and to fully advise Plaintiffs regarding the terms and conditions of this Agreement. Plaintiffs' counsel affirms that his office has translated and communicated to Plaintiffs the words and explained to Plaintiffs the meaning of this Agreement. Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiffs by their counsel shall not be a basis to challenge or to set aside this Agreement.

PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFFS:*

_____
EMILIANO NIETO ZEPEDA

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On the 9 day of Aug, 2017, before me, the undersigned notary, EMILIANO NIETO ZEPEDA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

MIRSADE BAJRAKTAREVIC
Notary Public, State of New York
No. 02BA6038723
Qualified in Richmond County
Commission Expires March 20, 20__

_____
ALAN YAIR DOMINGUEZ GALLERES

STATE OF NEW YORK )
) ss.:
COUNTY OF _____ )

On the __ day of ____, 2017, before me, the undersigned notary, ALAN YAIR DOMINGUEZ GALLERES personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

9

PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

**BY PLAINTIFFS:**

_____
EMILIANO NIETO ZEPEDA

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____     )

On the __ day of ____, 2017, before me, the undersigned notary, EMILIANO NIETO ZEPEDA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

_____
ALAN YAIR DOMINGUEZ GALLERES

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF New York     )

On the 7th day of August, 2017, before me, the undersigned notary, ALAN YAIR DOMINGUEZ GALLERES personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

TAYLOR BELL GRAHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6345792
Qualified In New York County
My Commission Expires 08-01-2020

9

_____
LUIS GUZMAN

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On the 8th day of August, 2017, before me, the undersigned notary, LUIS GUZMAN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

TAYLOR BELL GRAHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6345792
Qualified In New York County
My Commission Expires 08-01-2020

_____
Signature and Office of individual taking acknowledgment

_____
SERGIO ALARCON MENDOZA

STATE OF NEW YORK )
) ss.:
COUNTY OF _____ )

On the __ day of ____, 2017, before me, the undersigned notary, SERGIO ALARCON MENDOZA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual taking acknowledgment

_____
DAVID TOVAR

STATE OF NEW YORK )
) ss.:
COUNTY OF _____ )

On the __ day of ____, 2017, before me, the undersigned notary, DAVID TOVAR personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual taking acknowledgment

_____

*As to Paragraph 13 only:*

_____
LUIS GUZMAN

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF _____ )

    On the __ day of ____, 2017, before me, the undersigned notary, LUIS GUZMAN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                         _____
                                         Signature and Office of individual
                                         taking acknowledgment

_Sergio H. Alarcón M._
SERGIO ALARCON MENDOZA

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF New York )

    On the 9th day of Aug 2017, before me, the undersigned notary, SERGIO ALARCON MENDOZA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

MIRSADE BAJRAKTAREVIC
Notary Public, State of New York
No. 02BA6038723
Qualified in Richmond County
Commission Expires March 20, 2018

                                       _[signature]_____
                                       Signature and Office of individual
                                       taking acknowledgment

_____
DAVID TOVAR

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF _____ )

    On the __ day of ____, 2017, before me, the undersigned notary, DAVID TOVAR personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

                                       _____
                                       Signature and Office of individual
                                     taking acknowledgment

_____
LUIS GUZMAN

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____    )

      On the __ day of ____, 2017, before me, the undersigned notary, LUIS GUZMAN personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_____
SERGIO ALARCON MENDOZA

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____    )

      On the __ day of ____, 2017, before me, the undersigned notary, SERGIO ALARCON MENDOZA personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment


_David Tovar_____
DAVID TOVAR

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____    )

      On the 04 day of 08, 2017, before me, the undersigned notary, DAVID TOVAR personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual
taking acknowledgment

Comision Vitalicia
Acatlan, Puebla, Mexico

LIC. PABLO SALDIVAR GUTIERREZ
NOTARIO PUBLICO No. 1
ACATLAN, PUE. MEX

10

*As to Paragraph 13 only:*

PELTON GRAHAM LLC

Dated: __August 10__, 2017        By: _____
                                       Brent E. Pelton
                                       Taylor B. Graham

*FOR DEFENDANTS:*

BAGGIO, LTD.

By: _____
 Mario Fava
 President

STATE OF NEW YORK  )
                    ) ss.:
COUNTY OF Westchester )

On the 9th day of Aug, 2017, before me, the undersigned notary, Mario Fava personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiate Settlement Agreement on behalf of Baggio, Ltd.

_____
Signature and Office of individual
taking acknowledgment

ANTHONY GUERRERO
Notary Public - State of New York
NO. 01GU6344908
Qualified in Westchester County
My Commission Expires Jul 11, 2020

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EMILIANO NIETO ZEPEDA, ALAN YAIR
DOMINGUEZ GALLERES, LUIS
GUZMAN, and SERGIO ALARCON
MENDOZA, Individually and on Behalf of All
Others Similarly Situated,

                            Plaintiffs,            7:17-cv-02290 (VB)

                      -against-

BAGGIO LTD., MARIO FAVA, and
TARCISIO FAVA, Jointly and Severally

                            Defendants.
------------------------------------------------------------------x

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendants, through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiffs against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent and agree to dismiss the instant action with prejudice to Plaintiffs. The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

*- THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK -*

| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
|---|---|
| PELTON GRAHAM LLC | JACKSON LEWIS P.C. |
| 111 Broadway, Suite 1503<br>New York, N.Y. 10006<br>Tele. (212) 385-9700 | 44 South Broadway, 14th Floor<br>White Plains, N.Y. 10601<br>Tele. (914) 872-8060 |

By: _____  By: _____
    Brent E. Pelton                                        Jonathan M. Kozak
    Taylor B. Graham                                 Isaac J. Burker

Dated: _____                 Dated: _____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this \_\_\_ day of _____, 2017

_____
Hon. Vincent L. Briccetti
United States District Judge

2