UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
EMILIANO NIETO ZEPEDA, ALAN YAIR
DOMINGUEZ GALLERES, LUIS GUZMAN,
SERGIO ALARCON MENDOZA, Individually
and on behalf of all others similarly situated
      Plaintiffs,

v.

BAGGIO, LTD., MARIO FAVA, and
TARCISIO FAVA, Jointly and severally
      Defendants.
--------------------------------------------------------------x

**ORDER**

17 CV 2290 (VB)

  On August 10, 2017, the parties in this Fair Labor Standards Act case filed a settlement agreement (Doc. #26, Ex. 1), and a joint statement explaining the basis for the agreement, for approval by the Court as required by <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

  The Court has considered the following factors: (i) the parties' position as to the proper valuation of plaintiffs' claims; (ii) the risks and costs of continuing to litigate; (iii) that plaintiffs are represented by counsel; (iv) that plaintiffs no longer work for defendants; (v) that the settlement was reached as a result of the Court's mediation program; (vi) that the release set forth in paragraph 3 of the settlement agreement is limited to plaintiffs' wage and hour claims under the Fair Labor Standards Act and New York Labor Law; (vii) that the non-disparagement provision set forth in paragraph 2 of the settlement agreement is mutual—that is, it applies to both plaintiffs and defendants Mario Fava and Tarcisio Fava—and does not restrict the parties from making truthful statements or giving their opinions about their experience related to this lawsuit; (viii) that plaintiffs are receiving approximately 50% of the estimated unpaid wages claimed to be owed; and (ix) the representation that all parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation.

Based on the foregoing, the Court finds that the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one-third of the recovered amount plus costs, to be fair and reasonable under the circumstances.

## CONCLUSION

The parties' settlement agreement (Doc. #26, Ex. 1) is APPROVED, and the case is DISMISSED with prejudice.

The Clerk is instructed to close this case.

Dated: September 1, 2017
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge